**MICHAEL R. DUFOUR [SBN: 290981]**
Dufour Law, P.C.
8675 Falmouth Avenue, Suite 307
Playa Del Rey, CA 90293
Tel: (424) 353-0882 | Fax: (424) 389-7236
E-mail: mrd@dufourlawfirm.com

**MATTHEW SCHWARTZ** (*Pro Hac Vice Application Pending*)
Kass Shuler, P.A.
1505 N. Florida Avenue
Tampa, FL 33602
Tel: (813) 229-0900 | Fax: (813) 384-2630
E-mail: Eservicemls@kasslaw.com

UNITED STATES DISRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASE CHAMBERLIN,<br><br>        Plaintiff,<br><br>vs.<br><br>PAYOFF INC,<br><br>        Defendant | Case No.: '20CV1807 LAB WVG<br><br>COMPLAINT |

**COMES NOW**, Plaintiff, CHASE CHAMBERLIN (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, PAYOFF INC., (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

COMPLAINT - 1

## JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by 28 U.S.C § 1332, diversity jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Defendant's principle place of business is in this District.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, citizen of the state of Ohio, and is a resident of Hamilton County.

5. Defendant is a foreign limited liability company as registered with the Office of the Ohio Secretary of State and conducts business throughout the state of Ohio. Defendant maintains its principal place of business at 3200 Park Center Dr, Suite 800, Costa Mesa, CA 92626.

COMPLAINT - 2

6. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred by the Defendant's placing of telephone calls to Plaintiff's cellular telephone.

7. Defendant, at all material times, was attempting to collect a debt relating to a Payoff Inc. Loan, Loan ID. ending in – 694DD3

8. Plaintiff revoked any prior express consent for Defendant to contact Plaintiff via cellular telephone or any other form of communication on February 13, 2020 for any and all accounts he was associated with when Plaintiff verbally advised Defendant to stop calling his cellular telephone.

9. All calls to Plaintiff's' cellular telephone after February 13, 2020 were knowing and willful and were made without the "prior express consent" of Plaintiff.

10. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

11. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" or an artificial or prerecorded voice

12. Plaintiff is the subscriber, regular user, and carrier of the cellular telephone number (269) *** - 7551 and was the called party and recipient of

COMPLAINT - 3

Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

13. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone multiple times per day after Plaintiff revoked any alleged consent for Defendant to contact Plaintiff's cellular telephone.

14. Despite actual knowledge of its wrongdoing, Defendant continued the campaign of harassment and abuse, calling Plaintiff continually despite Plaintiff revoking any prior express consent for Defendant to call Plaintiff's cellular telephone.

15. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers: 844-941-0484 and 269-205-6739.

16. Defendant has or should be in possession and/or control of call logs, account notes, auto-dialer reports and/or other records that detail the exact number of all calls made to Plaintiff.

17. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

18. Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

COMPLAINT - 4

19. Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

20. Some of the voicemail messages received by Plaintiff on his cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

21. Plaintiff did not speak with a live representative during some of the phone calls because they were made by Defendant using an artificial or pre-recorded voice.

22. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent to be called.

23. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

24. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

25. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

### COUNT I
### VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

26. Plaintiff incorporates all allegations in paragraphs 1-25 above as if stated fully herein.

COMPLAINT - 5

27. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

28. Defendant used an automatic telephone dialing system, or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

29. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

30. Defendant knowingly and willfully violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone after Plaintiff revoked his consent to be contacted and notified Defendant that he wished for the calls to stop.

**WHEREFORE**, Plaintiff, CHASE CHAMBERLIN, demands judgment against Defendant, PAYOFF INC., for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiff's revocation.

///
///
///
///

COMPLAINT - 6

      b.    an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

      c.    any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Dated this 14th day of September, 2020.

*/s/ Matthew Schwartz*
**MATTHEW SCHWARTZ, ESQ.**
Kass Shuler, P.A.
 FL Bar No.: 15713
Service Email: eservicemls@kasslaw.com
1505 N. Florida Avenue
Tampa, Florida 33601
Phone: (813) 229-00900
Fax: (813) 384-2630
**Attorneys for Plaintiff**

*/s/ Michael R. Dufour*
**MICHAEL R. DUFOUR, ESQ.**
Dufour Law, P.C.
CA Bar No: 290981
Service Email: mrd@dufourlawfirm.com
8675 Falmouth Avenue, Suite 307
Playa Del Rey, CA 90293

COMPLAINT - 7